## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

EDUARD D. QUERO,                    )
                                    )
            Petitioner,             )          Case No. 7:15CV00241
                                    )
v.                                  )          **OPINION**
                                    )
CHRISTOPHER ZYCH, WARDEN,           )          By:  James P. Jones
                                    )          United States District Judge
            Respondent.             )

Petitioner Eduard D. Quero, a federal inmate proceeding pro se, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241.  The respondent[1] has moved to dismiss the petition as moot, and Quero has not objected.  For good cause shown, I will dismiss the petition as requested.

Quero asserted that the order of a disciplinary hearing officer ("DHO"), depriving him of 600 days non-vested good conduct for a disciplinary infraction time, was an unfair, excessive sanction, in violation of his due process and equal protection rights.  As relief, Quero sought to have the forfeited non-vested good conduct time restored and a more reasonable sanction imposed.  Following the

---

[1]  Quero named the Federal Bureau of Prisons as the respondent to his § 2241 petition.  However, Christopher Zych is the Warden of the United States Penitentiary, Lee ("USP"), where Quero is currently incarcerated.  Thus, Warden Zych is the proper respondent in this action, and should be substituted for the Federal Bureau of Prisons as the Respondent.  *See* 28 U.S.C. § 2243; *Kanai v. McHugh*, 638 F.3d 251, 255 (4th Cir. 2011). Therefore, I will direct the clerk to make this substitution on the court's docket.

issuance of this court's Order to Respond on July 13, 2015, the DHO's action was reviewed and the sanction modified. Quero's forfeiture of 600 days non-vested good conduct time has been removed altogether. As Quero has thus received the relief requested in this petition — namely, the restoration of forfeited non-vested good conduct time, this petition is now moot.[2] *See, e.g., Williams v. Ozmint*, 716 F.3d 801, 809 (4th Cir. 2013) (holding that restoration of plaintiff's visitation privileges rendered moot his request to have those privileges be restored). I will dismiss the action accordingly.

A separate Final Order will be entered herewith.

DATED: October 30, 2015

/s/  James P. Jones
United States District Judge

---

[2]   If Quero is dissatisfied with the modified sanction, he must exhaust his administrative remedy procedures before challenging the modified sanctions in a § 2241 petition. *See Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001) (holding that federal prisoners must exhaust administrative remedies prior to filing § 2241 petitions regarding disciplinary proceedings).